FILED

2010 Aug-16  PM 01:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TONIKA PHILLIPS, L'TASHA PHILLIPS, and L'TISHA PHILLIPS, | } } } | |
| | } | |
| Plaintiffs, | } | CASE NO. 5:10-cv-0020-SLB |
| | } | |
| vs. | } | |
| | } | |
| OAKWOOD UNIVERSITY, INC. and CITY OF HUNTSVILLE, | } } | |
| | } | |
| Defendants. | } | |

### MEMORANDUM OPINION

This case is currently before the court on defendant City of Huntsville's (the "COH") Motion for More Definite Statement, (Doc. 2),[1] Motion to Dismiss, (Doc. 4), and Motion to Compel, (Doc. 13).  Plaintiffs Tonika Phillips, L'Tasha Phillips, and L'Tisha Phillips (collectively the "Plaintiffs") have filed suit against defendants the COH and Oakwood University, Inc. ("Oakwood") (collectively the "Defendants") under 42 U.S.C. § 1983, alleging that agents or employees of Defendants violated Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights.  (Doc. 1 at 10-13, ¶¶ 1-14, 15-18, ¶¶ 26-42.)  Plaintiffs have also brought related state law claims.  (*Id.* at 13-15, ¶¶ 15-25.)  Upon consideration of the record, the COH's submissions,[2] and the relevant law, the court finds that the COH's Motion

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Although the court entered a Submission Order regarding the COH's Motion to Dismiss, (Doc. 4), and its Motion for More Definite Statement, (Doc. 2), Plaintiffs did not file responses.

to Dismiss, (Doc. 4), is due to be granted, its Motion for a More Definite Statement, (Doc.

2), is due to be granted, and its Motion to Compel, (Doc. 13), is due to be granted.

## I.  MOTION TO DISMISS STANDARD OF REVIEW

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must

accept the allegations set forth in the complaint as true."  *Gonzalez v. McNary*, 980 F.2d

1418, 1419 (11th Cir. 1993) (citations omitted); *see also Rivell v. Private Healthcare Sys.,*

*Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

> The allegations in the complaint are taken as true and construed in the light most
> favorable to the plaintiffs.  [*Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th
> Cir. 2002).]  However, the complaint's "[f]actual allegations must be enough to raise
> a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550
> U.S. 544, [545], 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v.*
> *Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir.2007).  "The Supreme Court's
> most recent formulation of the pleading specificity standard is that 'stating such a
> claim requires a complaint with enough factual matter (taken as true) to suggest' the
> required element."  *Watts*, 495 F.3d at 1295 (quoting *Twombly*, [550 U.S. at 556]).
> This rule does not "impose a probability requirement at the pleading stage."
> *Twombly*, [550 U.S. at 556].  Instead, the standard "simply calls for enough fact to
> raise a reasonable expectation that discovery will reveal evidence" of the required
> element.  *Id.*  "It is sufficient if the complaint succeeds in 'identifying facts that are
> suggestive enough to render [the element] plausible.'"  *Watts*, 495 F.3d at 1296
> (quoting *Twombly*, [550 U.S. at 556]).

*Rivell*, 520 F.3d at 1309.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is

'exceedingly low.'"  *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)

(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)).  "[A]

defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably

2

prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d

732, 735-736 (11th Cir. 1998) (citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800

F.2d 1577, 1579 (11th Cir. 1986)).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' Complaint, filed on December 7, 2009, in the Circuit Court of Madison

County, Alabama, pleads, *inter alia*, the following facts, which the court assumes as true for

purposes of a motion to dismiss:

1.  Plaintiff, Tonika Phillips, was at all times material a student enrolled at Oakwood University.  Plaintiff, L'Tasha Phillips, was at all times material a student enrolled at Oakwood University.  Plaintiff, L'Tisha Phillips, was at all times material a student enrolled at Oakwood University.  Plaintiffs are sisters.

2.  Defendant, Oakwood University, Inc., is a privately incorporated university doing business in Madison County, Alabama, as Oakwood University.  All acts committed on the occasion in question by agents or employees of this defendant were committed within the course and scope, or the apparent course and scope, of their employment or agency, such that this defendant is liable to the plaintiffs under the doctrine of respondeat superior or otherwise vicariously liable.

3.  Defendant, City of Huntsville, is a municipal corporation or other legal entity situated in Madison County, Alabama.  All acts committed on the occasion in question by agents or employees of this defendant were committed within the course and scope, or the apparent course and scope, of their employment or agency, such that this defendant is liable to the plaintiffs under the doctrine of respondeat superior or otherwise vicariously liable.  All conditions precedent necessary for proceeding to suit against this defendant have been complied with.

4.  The acts alleged herein occurred in Madison County, Alabama.

5.  The amount in controversy exceeds the minimum amount necessary for subject matter jurisdiction in this Court.

6. On or about December 8, 2007, plaintiffs were lawfully upon the premises

of Oakwood University, attending a basketball game.

7.   At that time, agents or employees of the defendants were serving as monitors or security personnel at the game.

8.   Between some of the students present at the game, a brief argument ensued, which such argument did not endanger or threaten or incite any one.  The argument ended and was over.  Upon the argument having ended and becoming over, the plaintiffs or some of them prepared to leave.

9.   Upon trying to leave, agents or employees of the defendants accosted the plaintiffs or some of them, assaulted them, and battered them, without provocation, justification or excuse.

10.   Upon the plaintiffs or some of them having been accosted, assaulted, and battered by agents or employees of the defendants, further and additional agents or employees of the defendants were summoned, and great numbers of agents or employees of the defendants arrived.  Again, the plaintiffs acted within their rights, and did nothing to provoke, justify, or excuse the conduct of the agents or employees of the defendants.  The conduct of the defendants caused or contributed to cause a completely unwarranted and unnecessary escalation of tension on the occasion in question, creating an unnecessary atmosphere of danger to the plaintiffs and others who were lawfully conducting themselves.

11.   Once the plaintiffs had managed to exit from the gymnasium where the basketball game was taking place, agents of the defendants accosted the plaintiffs or some of them yet again, assaulted them, and battered them, without provocation, justification or excuse.

12.   Agents or employees of the defendants then caused the arrest of plaintiffs, without legal or probable cause to believe them guilty of any of the offenses charged, and without legal or probable cause to have them arrested.

13.   Agents or employees of the defendants then caused the plaintiffs to be prosecuted criminally, without legal or probable cause to believe them guilty of any of the offenses charged.  The prosecutions of the plaintiffs have terminated in favor of the plaintiffs, without a single finding of guilt.

14.   As a proximate result of the conduct of the defendants, plaintiffs were physically injured; plaintiffs were forced to endure pain and suffering; plaintiffs were forced to endure great mental anguish and emotional distress, which is permanent; plaintiffs were caused to have great sums of money expended on their behalf in the defense of criminal charges; plaintiffs were caused to lose the wherewithal to go

about their normal and customary pursuits.

WHEREFORE, plaintiffs demand judgment against the defendants in such sum of compensatory damages as is deemed just, and in such sum of punitive damages as is deemed just.

(Doc. 1 at 10-13.)

Thereafter, Defendants, on January 6, 2010, filed a Joint Notice of Removal and removed the case to this court.  (*See id.* at 1-5.)  Following the removal, Oakwood filed an Answer to Plaintiffs' Complaint. (Doc. 3.)  By contrast, the COH filed a Motion for More Definite Statement, (Doc. 2), and a Motion to Dismiss, (Doc. 4).   Accompanying the Motions, the COH also filed a Brief in Support of its Motion to Dismiss. (Doc. 5.)  Later, the COH filed a Motion to Compel.  (Doc. 13.)

### III.  DISCUSSION

**A.     THE COH'S MOTION TO DISMISS, (DOC. 4)**

In its Brief in Support of its Motion to Dismiss, the COH asks that the court "(1) dismiss all section 1983 claims against the COH premised on the Fifth and Fourteenth Amendments to the United States Constitution; (2) dismiss with prejudice any state-law tort claims against the COH other than negligence; and (3) dismiss with prejudice all demands for punitive damages against the COH." (Doc. 5 at 2-3.)  The court will address each request in turn.

1.    PLAINTIFFS' FIFTH AND FOURTEENTH AMENDMENT CLAIMS

The COH first moves to "dismiss all section 1983 claims against [it] premised on the Fifth and Fourteenth Amendments." (*Id.* at 2.)  Regarding the Fifth Amendment, as the COH correctly points out, (*see id.* at 3-4), "[i]t is fundamental to constitutional law that the Due Process Clause of the Fifth Amendment applies only to conduct committed by officials of the federal government; it does not apply to state actors," *Hall v. Alabama*, No. 2:09-cv-342-MHT, 2010 WL 582076, at *4 (M.D. Ala. Feb. 18, 2010) (citation omitted).  As a result, because the COH is a municipal corporation, (*see* Doc. 1 at 11, ¶ 3), and thus not a federal actor, any claims against it premised on the Fifth Amendment to the United States Constitution fail as a matter of law.  The COH's Motion to Dismiss all § 1983 claims predicated on the Fifth Amendment is therefore due to be granted.

Similarly, Plaintiffs' section 1983 claims premised on alleged violations of the Fourteenth Amendment, specifically the Due Process and Equal Protection Clauses, are also due to be dismissed.  To state a claim under § 1983, "'a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law.'"  *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (quoting *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990) (footnote omitted).  As such, "[t]he first task in a section 1983 suit is 'to isolate the precise constitutional violation with

which [defendant] is charged.'" *Jordan v. Mosley*, 289 F. App'x 803, 805 (11th Cir. 2008) (quoting *Baker v. McCollan*, 443 U.S. 137, 140 (1979)). And, "[i]f an Amendment provides an explicit textual source of constitutional protection against the sort of conduct complained of, that Amendment–not the more generalized notion of substantive due process under the Fourteenth Amendment–is the guide for analyzing the claim." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 393-95 (1989)).

In the instant case, under § 1983, Plaintiffs allege constitutional violations against the COH for unlawful arrest and malicious prosecution. (*See* Doc. 1 at 15-18, ¶¶ 26-42.) However, such claims are cognizable only under the Fourth Amendment. *Jordan*, 298 F. App'x at 805 ("[T]he Supreme Court [has] refused to recognize a substantive due process right under the Fourteenth Amendment to be free from criminal prosecution except upon probable cause; the Court determined that such a claim must be analyzed under the Fourth Amendment." (citing *Albright v. Oliver*, 510 U.S. 266, 274-75 (1994))); *Uboh v. Reno*, 141 F.3d 1000, 1003 n. 4 (11th Cir. 1998) ("[The Eleventh Circuit] . . . expressly characterize[s] the right to be free from malicious prosecution as an independent cause of action that potentially is cognizable under the Fourth Amendment."); *Walker v. Briley*, 140 F. Supp. 2d 1249, 1260 n.8 (N.D. Ala. 2001) ("The requirement that a warrantless arrest and any detention immediately ensuing be supported by probable cause is firmly anchored to the Fourth Amendment's guarantee against unreasonable searches and seizures, even if applicable to the States via the Fourteenth Amendment." (citing *Gerstein v. Pugh*, 420 U.S.

103, 111 (1975))).[3]

Accordingly, the COH's Motion to Dismiss Plaintiffs' § 1983 claims premised on the

Fourteenth Amendment's Due Process and Equal Protection Clauses is due to be granted.

2.    PLAINTIFFS' STATE-LAW TORT CLAIMS

The COH next asks that the court "dismiss with prejudice any state-law tort claims

against the COH other than negligence." (Doc. 5 at 2-3.) The COH is again correct, (see id.

at 11-13), that municipal liability is limited under section 11-47-190 of the Alabama Code,

which states in pertinent part that:

> No city or town shall be liable for damages for injury done to or wrong suffered by
> any person or corporation, unless such injury or wrong was done or suffered through
> the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the
> municipality engaged in work therefor and while acting in the line of his or her duty
> . . . .

Ala. Code § 11-47-190 (1975). Stated differently, section 11-47-190 limits "a city's liability

. . . to negligence-based claims only." *Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1213

(M.D. Ala. 2000); *see also City of Prattville v. Post*, 831 So. 2d 622, 627 n.7 (Ala. Civ. App.

2002) ("Section 11-47-190 . . . limits monetary damages against a municipality to those

---

[3] Plaintiffs' Complaint does not include allegations of discrimination based on race or gender.
(*See generally* Doc. 1 at ¶¶ 10-13, 1-14.) However, to assert a claim under the Equal Protection
Clause, "a plaintiff must show a purpose or intent to discriminate." *Brown v. City of Fourt
Lauderdale*, 923 F.2d 1474, 1478 n.8 (11th Cir. 1991) (citing *Arnold v. Board of Educ. of Escambia
County, Ala.*, 880 F.2d 305, 317 n.16 (11th Cir. 1989)); *see also Williams v. City of Jacksonville*, 341
F.3d 1261, 1268 (11th Cir. 2003) ("The Equal Protection Clause ensures a right to be free from
*intentional* discrimination based upon race and gender.") (internal citations omitted) (emphasis
added).

claims alleging negligence."). Therefore, all of Plaintiffs' state-law tort claims against the

COH, other than the claim for negligence in Count I, are due to be dismissed. *See Thurmond*

*v. City of Huntsville*, 904 So. 2d 314, 316 n.2 (Ala. Civ. App. 2004) (noting that all of

plaintiffs' state-law claims against the City of Huntsville "are subsumed within a single claim

of negligence under § 11-47-190" (citing *Hillard v. City of Huntsville*, 585 So. 2d 889 (Ala.

1991)). The COH's Motion to Dismiss these claims is therefore due to be granted.


3.    PLAINTIFFS' DEMAND FOR PUNITIVE DAMAGES

Lastly, the COH moves to "dismiss with prejudice all demands for punitive damages

against [it]." (Doc. 5 at 3.) As the COH correctly states, "punitive damages are not

recoverable against the COH either as a remedy for plaintiffs' section 1983 claims or their

state-law tort claims as a matter of law." (*Id.* at 13.) *See* Ala. Code § 6-11-26 ("Punitive

damages may not be awarded against the State of Alabama or any county or municipality

thereof, or any agency thereof, except any entity covered under the Medical Liability Act

now codified as Section 6-5-480 et seq., or any acts amendatory thereto."). As a result, the

COH's Motion to Dismiss Plaintiffs' demand for punitive damages is due to be granted.


B.    **THE COH'S MOTION FOR MORE DEFINITE STATEMENT, (DOC. 2)**

With respect to its Motion for More Definite Statement, the COH argues that

"plaintiffs should be ordered to re-plead their complaint by putting each discrete claim into

9

separate counts, and clarifying the ambiguities created by their 'shotgun' pleading." (Doc. 2 at 5.) The court agrees. Plaintiffs' Complaint fails to set out discrete claims against Defendants in separate, individually numbered counts, and instead pleads multiple claims against both Defendants in single counts. (*See generally* Doc. 1 at 13-18, ¶¶ 15-42.) For that reason, the COH's Motion for More Definite Statement, (Doc. 2), is due to be granted, and Plaintiffs' Complaint must be repleaded.

## C.    THE COH'S MOTION TO COMPEL, (DOC. 13)

In its Motion to Compel, the COH notes that, "[o]n June 16, 2010, [it] served on plaintiffs its first set of interrogatories and first request for production." (Doc. 13 at 1; *see also id.* at Exs. A-B.) The COH contends that "[m]ore than thirty days . . . elapsed since plaintiffs were served," yet "plaintiffs . . . failed and refused to respond or make any timely objection," or otherwise "move[] . . . for a protective order or for an enlargement of time to respond." (*Id.* at 1-2.) The COH adds that, prior to filing its Motion to Compel, it, "in good faith, attempted to confer with plaintiffs in an effort to obtain the discovery sought . . . without court action," and "afforded plaintiffs an additional 10 days to respond." (*Id.* at 2.) Still, Plaintiffs failed to respond. (*Id.*)

Rule 33 of the Federal Rules of Civil Procedure governs serving interrogatories on other parties. Under the Rule, after a party has served interrogatories on another party, "[t]he responding party must serve its answers and any objections within 30 days after being served

with the interrogatories.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."  *Id.* at (b)(2).  Further, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  *Id.* at (b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* at (b)(4) (emphasis added); *see also Jaffe v. Grant*, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986) (noting that plaintiff had waived objection based on Fifth Amendment by failing to timely assert such privilege in response to discovery request).

Rule 34 of the Federal Rules governs the production of documents.  As with Rule 33, Rule 34 states that "[t]he party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."  *Id.* at (b)(2)(A).  And again, if the responding party fails to timely object to the production  requests, any later objections are waived unless the court excuses the failure.   *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08cv498/MCR/EMT, 2009 WL 1660137, at *4 (N.D. Fla. June 15, 2009) ("As a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."); *see also* Fed. R. Civ. P. 34(b) advisory committee's notes (stating that the procedure under Rule 34(b) "is essentially the same as that in Rule 33").

Because Plaintiffs have wholly failed to respond or object to the COH's First Set of

Interrogatories and First Request for Production within thirty days, and did not move the court for a protective order, the court finds that Plaintiffs have waived any objections to the COH's discovery requests. *See, e.g.*, *Deforest*, 2009 WL 1660137, at *4. As such, the COH's Motion to Compel, (Doc. 13), is due to be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that the COH's Motion to Dismiss, (Doc. 4), its Motion for More Definite Statement, (Doc. 2), and its Motion to Compel, (Doc. 13), are all due to be granted. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE**, this 16th day of August, 2010.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE